**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Michael Donta Brooks, Appellant.

Appellate Case No. 2015-001384

———————

Appeal From Florence County
Michael G. Nettles, Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-321
Submitted June 1, 2017 – Filed August 2, 2017

———————

**AFFIRMED**

———————

Appellate Defender Kathrine Haggard Hudgins, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Deputy Attorney General David A. Spencer, both of
Columbia; and Solicitor Edgar Lewis Clements, III, of
Florence, all for Respondent.

———————

**PER CURIAM:** Michael Donta Brooks appeals his convictions for armed
robbery, first-degree burglary, kidnapping, possession of a weapon during the
commission of a violent crime, and possession of a firearm by a person convicted

of a violent offense.  Brooks argues the trial court should have suppressed (1) a letter he wrote to an investigator because it was inadmissible as a statement made in the course of plea discussions and (2) a recording of a telephone conversation because the State failed to lay a proper foundation.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and following authorities:

1.  As to Issue 1: Rule 410(4), SCRE (providing evidence of "any statement made in the course of plea discussion *with an attorney for the prosecuting authority* which do not result in a plea of guilty or which result in a plea of guilty later withdrawn" "is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions" (emphasis added)).

2.  As to Issue 2: Rule 901(a), SCRE ("The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."); Rule 901(b), SCRE (giving examples of authentication or identification that conform with the requirements of Rule 901(a) but stating these examples are "[b]y way of illustration only, and not by way of limitation"); *Deep Keel, LLC v. Atl. Private Equity Grp., LLC*, 413 S.C. 58, 64, 773 S.E.2d 607, 610 (Ct. App. 2015) (stating the burden to authenticate evidence is not high and requires only that the proponent of the evidence offer a satisfactory foundation from which the jury could reasonably find the evidence is authentic).

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.